IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,725-01






EX PARTE JESUS PENA, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN


CAUSE NO. 4541-1 IN THE 156
TH DISTRICT COURT


FROM BEE COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of
indecency with a child and punishment was assessed at confinement for ten years. There
was no appeal from this conviction.

 Applicant contends that he has not received credit for time he was confined in
Alabama for three periods between April 1993 to August 2002, pursuant to parole
violator warrants in this cause. The trial court has entered no findings of fact.

 It is this Court's opinion that additional facts need to be developed, and since this
Court cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum. The trial court may resolve those issues as
set out in Article 11.07, § 3(d), TEX.CODE CRIM.PROC., in that it may order affidavits,
depositions, or interrogatories from both the Criminal Institutions and Parole Divisions of
the Texas Department of Criminal Justice, or it may order a hearing.

 If the trial court elects to hold a hearing, the court shall first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant
desires representation by counsel, the trial court shall then appoint an attorney to represent
him at the hearing pursuant to the provisions of Article 26.04, TEX.CODE CRIM.PROC.

 Following the receipt of additional information the trial court shall make findings
of fact as to: what dates, if any, that Applicant was confined in Alabama between 1993
and 2002 pursuant to parole violator warrants in this cause; what credit Applicant has
been given for time he was confined on parole violator warrants; and whether Applicant
has presented this claim to the Texas Department of Criminal Justice office of time credit
resolution. The trial court shall also make any further findings of fact and conclusions of
law which it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes
from any evidentiary hearing, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 90 days of the date of this
order. (2) 




DELIVERED: June 7, 2006.

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.